IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRATT INDUSTRIES, LLC; TROY BAKER;
and MATTHEW SHEPARD,

       Plaintiffs,

       v.                                                           Case No. 19-cv-00498-WJ-SCY

DWIGHT L. PATTERSON and LAURIE M. PATTERSON,
Individually and as Trustees of the PATTERSON REVOCABLE
TRUST; SANTA FE BUSINESS BROKERS, LLC, d/b/a SAM
GOLDENBERG & ASSOCIATES; SUNBELT NEW MEXICO
BUSINESS BROKERAGE, LLC; and MICHAEL GREENE,

       Defendants,

DWIGHT L. PATTERSON and LAURIE M. PATTERSON,
Individually and as Trustees of the PATTERSON REVOCABLE
TRUST,

       Third-Party Plaintiffs,

       v.
XITECH INSTRUMENTS, INC.,
Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**
**(1) DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME (DOC. 23);**
**(2) GRANTING COUNTERCLAIMANTS' REQUEST FOR ENTRY OF DEFAULT ON**
**COUNTERCLAIM AGAINST TRATT INDUSTRIES, LLC (DOC. 24)**
**(3) REFERENCE TO MAGISTRATE JUDGE TO ENTER NEW SCHEDULING ORDER**
**and**
**(4) ALLOWING PLAINTIFFS BAKER AND SHEPARD TO ANSWER**
**COUNTERCLAIM (DOC. 17) WITHIN 21 DAYS OF FILING OF THIS ORDER**

       THIS MATTER comes before the Court upon the following:

- Plaintiffs' Motion for Extension of Time to Amend Scheduling Order filed on September 6, 2019 by Plaintiffs Troy Baker and Matthew Shepard who are proceeding pro se **(Doc. 23)**; and

- Request for Clerk's Entry of Default on Counterclaim against Tratt Industries, LLC, filed by Counterclaimants Dwight and Laurie Patterson **(Doc. 24)**.

Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' motion for extension of time lacks merit and therefore is DENIED, and that Counterclaimants' request for entry of default against Tratt Industries, LLC is meritorious and therefore is GRANTED. Having entered rulings on these motions, the case is referred back to the Magistrate Judge to enter a new scheduling order that resets deadlines in this case. Finally, Plaintiffs Baker and Shepard are required to file a timely answer to the Patterson's counterclaims (Doc. 17) according to the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiffs are suing Defendants for breach of contract, negligent misrepresentations, fraud and other related state torts pertaining to their purchase of a company from Defendants. According to the complaint, Third-Party Defendant Xitech Instruments, Inc. ("Xitech") is in the business of selling groundwater remediation systems which are designed to treat polluted groundwater. Its primary customers are environmental consultants who purchase the systems for resale to and use by their clients.

Plaintiff Tratt Industries, LLC ("Tratt") is a Wyoming limited liability company which is in the business to identify and acquire small manufacturing companies operating in environmental and/or safety areas, such as Xitech, and then to operate and profitably grow the companies. Tratt's managing members are Troy Baker, a citizen of Nevada and Matthew Shepard, a citizen of Kansas. In March of 2018, Tratt purchased Xitech from the Patterson Revocable Trust ("Trust") which owned the stock of Xitech Instruments, Inc. ("Xitech"). Defendants and Counter-claimants Dwight and Laurie Patterson are trustees of the Trust.

Defendant Santa Fe Business Brokers, LLC, d/b/a Sam Goldenberg & Associates is a New Mexico limited liability company. Defendant Sunbelt New Mexico Business Brokerage ("Sunbelt") is a New Mexico limited liability company that is the affiliate and sister company of Santa Fe Business Brokers, LLC (collectively, "SGA"). Defendant Michael Greene ("Greene") is the managing member and owner of both affiliated companies that constitute SGA and is a citizen of New Mexico. SGA and Green acted as the agents for the Trust in the sale.

Plaintiffs Tratt, Baker and Shepard were initially represented by counsel, but counsel sought to withdraw for unspecified reasons and the Court granted the request on July 26, 2019. (Doc. 22, "July 26th Order"). The Court specifically noted in the order granting withdrawal that:

> (1) local rules require Tratt, as a business entity, to be represented by counsel and that "[a]bsent entry of appearance by a new attorney, any filings made by Tratt Industries, LLC may be stricken and default judgment or other sanctions imposed; and that
>
> (2) Plaintiffs had thirty (30) days after entry of the Order for new counsel to enter an appearance on behalf of any of the Plaintiffs.

Doc. 22 at 2. On the same day, the Court also entered an Amended Initial Scheduling Order extending the deadlines for the parties' preparation of a Joint Status Report and Provisional Discovery Plan ("JSR"), requiring a "meet and confer" between the parties by September 4, 2019. Doc. 21.

As of this date, no counsel has entered an appearance for either Tratt, Baker or Shepard. Plaintiffs filed the instant motion for an extension of time on September 6, 2019, over two weeks after the Court-imposed deadline of August 26, 2019 expired.

On September 17, 2019, the Court vacated the Amended Initial Scheduling Order, which would be rescheduled pending a ruling on Plaintiffs' Motion for Extension of Time (Doc. 23) as

well as the Patterson Defendants' Request for Clerk's Entry of Default (Doc. 24). *See* Doc. 25 (text entry).[1]

## DISCUSSION

In their Motion for an Extension of Time, Plaintiffs now seek an additional forty-five days in which to obtain legal representation. The request is opposed both by Dwight and Laurie Patterson and the SGA Defendants (Docs. 27 & 28, Responses).

In addition, Dwight and Laurie Patterson, Trustees of the Patterson Revocable Trust (collectively the "Patterson Claimants"), request a Clerk's Entry of Default against Tratt.

### I. Plaintiffs' Motion for Extension of Time (Doc. 23)

Defendants contend that Plaintiffs' request for additional time should be denied for these reasons:

1. **Plaintiffs make no serious effort to justify their request for additional time and provide no explanation for their failure to secure counsel within the time period allowed by the Court's July 26th Order**.

    a. On September 4, 2019, the deadline for the "meet and confer" required by the Court in the Amended Initial Scheduling Order ("Scheduling Order"), Baker requested a 45-day extension of the "court proceedings and scheduling" due to "an unexpected family medical situation." There was no further explanation or information about the situation which could have offered a good excuse why Baker could not participate in a meet and confer, or good cause for the Court to overlook a court-ordered deadline being missed. Further, although Shepard was copied on e-mails sent to defense counsel by Baker, Shepard himself offered no explanation at all

---

[1] Since then, the Patterson Defendants have also filed a request for a Clerk's Entry of Default against Tratt, *see* Doc. 30 and a Motion for Default Judgment against Counterdefendants Tratt, Baker and Shepard, *see* Doc. 31.

4

regarding his own failure to comply with the Court's July 26th Order, nor did he even attempt to contact defense counsel offering a basis for his own request for an extension.

2. **Plaintiffs have been unresponsive to defense counsel's efforts to meet and confer according to the Amended Initial Scheduling Order while those deadlines were still in effect.**

    a. When Baker asked defense counsel in an e-mail for a 45-day stay of court proceedings on September 4, 2019, defense counsel stated that they could not agree to a stay because of the deadlines set out in the Scheduling Order, but advised Baker that they were "ready and willing to meet and confer" to prepare the JSR, pursuant to the Court's Order. Doc. 27-1; Doc. 28-1 & 2. However, despite defense counsel's readiness to meet and confer, neither Baker nor Shepard contacted the defense to participate. Instead, Plaintiffs missed the court-ordered deadline and filed the present motion to extend the time even further.

3. **Defendants also contend that there is good reason that Plaintiffs' reason for requesting the extension—to obtain new counsel—is disingenuous**.

    a. In an e-mail exchange dated September 18, 2019, Baker informed defense counsel that "[w]e will be representing ourselves so let us know when we can confer to develop the JSR and PDP." Doc. 27-2. Plaintiffs made this representation to defense counsel almost two weeks *after* filing the instant motion predicated on a continuing search for legal representation.

The Court agrees with all of the reasons given by Defendants for denying Plaintiffs' request for an extension of time. In particular, it appears that Plaintiffs' stated reason for the requested

extension of time no longer applies because, by their own statements they intend to litigate this case pro se. The Court does not decide here whether Plaintiffs have intentionally misrepresented their reasons for an extension in order to delay the proceedings, or whether they simply decided to represent themselves while their motion was pending. Either way, there is more than sufficient reason to deny their motion.

Plaintiffs also seem to be under the misapprehension that *they* direct the course of litigation, rather than the Court, and that their pro se status means that procedural rules and court orders do not apply to them. This Court wishes to disabuse Plaintiffs of that notion so that going forward, they understand that future consequences for failure to comply may be quite serious. While a certain leniency is shown pro se litigants, a party's pro se status does not in any way relieve him or her from the obligation to comply with a court's procedural requirements. *Barnes v. United States*, 173 Fed. Appx. 695, 697 (10th Cir.2006) (citations omitted); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (Even pro se litigants are expected to follow the rules). The Court therefore expects Plaintiffs to participate fully in this litigation and comply with court orders and rules in the same manner as any other litigant. *Calia v. Correct Care Sols.*, No. CIV A 05-3202-CM, 2006 WL 2574635, at *1 (D. Kan. July 26, 2006).

Accordingly, after considering the pleadings as well as Plaintiffs' own representations in the exhibits attached to the responses, the Court DENIES Plaintiffs' motion for an extension of time.

## II. Patterson's Request for Clerk's Entry of Default Against Tratt (Doc. 24)

In the Court's July 26th Order, Plaintiff Tratt was advised of the need to obtain legal representation as a corporate entity in order to proceed in this case. Tratt has not done so, and has

not given any reason for failing to do so. Tratt was served with the Pattersons' Counterclaim when Tratt was still represented by counsel. Doc. 17 at 29.

Under Fed.R.Civ.P.12(a)(B), Tratt's answer to the Counterclaim was due within 21 days after service of the Counterclaim, or August 1, 2019. Tratt obtained a reprieve from this time period based on the Court's Order on July 26, 2019 allowing Tratt, Baker and Shepard thirty days to obtain new legal representation after their counsel withdrew. This time period expired August 26, 2019. Plaintiffs Baker and Shepard, acting pro se, have requested additional time in which to seek counsel (which the Court has denied here), but there has been no apparent effort by Tratt to obtain new counsel as required under this Court's local rules and no counsel has entered an appearance for Tratt.

The Court therefore finds that the Patterson Claimants are entitled to an Entry of Default against Tratt, and hereby directs the Clerk of Court to file an Entry of Default against Tratt. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default (citations omitted).

**THEREFORE,**

**IT IS ORDERED** that:

(1) The Motion for an Extension of Time filed by Plaintiffs Baker and Shepard **(Doc. 23)** is hereby DENIED for reasons described in this Memorandum Opinion and Order;

(2) the Patterson Counterclaimants' Request for Clerk's Entry of Default on Counterclaim against Tratt Industries, LLC **(Doc. 24)** is hereby GRANTED, and the Clerk of Court is directed to enter default against this Plaintiff;[2]

---

[2] The Court will defer any necessary hearings on damages for defaulted parties, if applicable, until the resolution of this case.

(3) The case is REFERRED to the MAGISTRATE JUDGE to enter a new Scheduling Order resetting deadlines in this case. As described above, scheduling deadlines were vacated until the Court ruled on Plaintiffs' Motion for Extension of Time (Doc. 23) as well as the Patterson Defendants' Request for Clerk's Entry of Default (Doc. 24). *See* Doc. 25. Since both motions have now been addressed and ruled on by the Court, the case may be placed back on a litigation track.

(4) The Court hereby ORDERS Plaintiffs Baker and Shepard to file an Answer to the Pattersons' Counterclaims (Doc. 17) **within twenty-one (21) days of the filing of this Order**, pursuant to Fed.R.Civ.P.12(a)(B). Plaintiffs have represented that they will be proceeding pro se, and so they will now be expected to strictly follow the federal procedural rules and this Court's local rules.

**THE COURT NOTES THAT THE PATTERSON CLAIMANTS HAVE FILED A REQUEST FOR ENTRY OF DEFAULT ON THEIR COUNTERCLAIM AGAINST TROY BAKER AND MATTHEW SHEPARD (DOC. 30), BASED ON THEIR FAILURE TO TIMELY ANSWER THE COUNTERCLAIM. FAILURE BY PLAINTIFFS BAKER AND SHEPARD TO TIMELY RESPOND OR OTHERWISE DEFEND THE COUNTERCLAIM SHALL RESULT IN A CLERK'S ENTRY OF DEFAULT AGAINST THESE PLAINTIFFS.**

_____
CHIEF UNITED STATES DISTRICT JUDGE