IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRATT INDUSTRIES, LLC; TROY BAKER;
and MATTHEW SHEPARD,

      Plaintiffs,

      v.                                        Case No. 19-cv-00498-WJ-SCY

DWIGHT L. PATTERSON and LAURIE M. PATTERSON,
Individually and as Trustees of the PATTERSON REVOCABLE
TRUST; SANTA FE BUSINESS BROKERS, LLC, d/b/a SAM
GOLDENBERG & ASSOCIATES; SUNBELT NEW MEXICO
BUSINESS BROKERAGE, LLC; and MICHAEL GREENE,

      Defendants,

DWIGHT L. PATTERSON and LAURIE M. PATTERSON,
Individually and as Trustees of the PATTERSON REVOCABLE
TRUST,

      Third-Party Plaintiffs,

      v.

XITECH INSTRUMENTS, INC.,
Third-Party Defendant.

**<u>ORDER AFFIRMING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION ON PENDING MOTIONS AND OTHER MATTERS,
EXCEPT FOR MATTERS RELATED TO PLAINTIFF SHEPARD BASED ON
CHAPTER 7 BANKRUPTCY FILING</u>**

      THIS MATTER comes before the Court upon Proposed Findings and Recommended Disposition in the above-captioned case entered by United States Magistrate Judge Steven C. Yarbrough on March 2, 2020, *see* Doc. 76.

      No objections were filed by any of the relevant parties.

For reasons given below, the Court adopts those findings and recommendation except for those related to Plaintiff Shepard in light of his recent filing for Chapter 7 bankruptcy protection on March 4, 2020. *See* Doc. 77.

## BACKGROUND

The proposed findings and recommendations ("PFRD") addressed several pending motions referred to Magistrate Judge Yarbrough pursuant to 28 U.S.C. §636(b)(1)(B) and (b)(3), *see* Doc. 63.

## DISCUSSION

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court shall consider objections made by the parties and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. §636(b)(1)(A) (district judge may "reconsider any pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law"); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (court must accept the magistrate's factual findings unless clearly erroneous).

Judge Yarbrough recommends the imposition of sanctions that would be dispositive of certain claims and issues. In such a situation, Federal Rule of Civil Procedure 72 provides and the Constitution requires, that the district court judge undertake de novo review of that determination upon objection. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). *See Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519 (10th Cir.1995). 1519 (finding that the penalty imposed controls the scope of the magistrate judge's authority); *Ocelot Oil Corp. v. Sparrow Indus*., 847 F.2d 1458, 1462 (10th Cir.1988). (finding that a magistrate judge's decision on a motion for sanctions dictates which standard of review should apply).

The sanctions recommended in the PFRD were considered under *Ehrenhaus v. Reynolds,* which requires a consideration of the following factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. 965 F.2d 916, 921 (10th Cir. 1992). These factors are not rigid, but rather a criteria for consideration. *Id.*

Where a court imposes the harsher sanctions, such as default judgment, due process "requires that failure [to comply with a court order] is a sufficient ground only when it is the result of willfulness, bad faith, or some fault of [the offending party] rather than inability to comply." *M.E.N. Co. v.Control Fluidics, Inc*., 834 F.2d 869, 872 (10th Cir. 1987) (internal quotation marks omitted). A "willful failure" is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *Id*. at 872-73 (internal quotation marks omitted).

**I.**     **Pending Motions and Recommended Dispositions**

Judge Yarbrough made the following findings and recommendation:

A.     Doc. 29:

Motion to Dismiss filed by Defendants Santa Fe Business Brokers, LLC, d/b/a Sam Goldenberg & Associates, Sunbelt New Mexico Business Brokerage, LLC, and Michael Greene ("SGA Defendants") on September 26, 2019, seeking dismissal of Plaintiff Tratt Industry, LLC ("Tratt") based on its failure to obtain legal representation under D.N.M.LR-Civ. 83.8(c). No response was filed to this motion.

*Findings and Recommended Disposition:* Judge Yarbrough recommended he claims in the Complaint brought by Tratt Industries, LLC, be dismissed with prejudice. He acknowledged that

while default judgment is a harsh sanction, Tratt's failure to obtain counsel was "deliberate and willful" and that default judgment was appropriate under a detailed *Ehrenhaus* analysis.[1]

The Court adopts these findings and recommendations. Tratt was advised eight months ago of the need to obtain legal representation as a corporate entity in order to proceed in this case. *See* Docs. 22 at 2; 35 at 3. The company was afforded several extensions of time in which to do so, has been warned several times that dismissal of its claims would be a sanction for failing to obtain counsel, and there are no lesser sanctions that are effective for an entity that chooses not to participate in a case. Docs. 35 at 6-7; 54. **Tratt's claims in this lawsuit are therefore dismissed with prejudice.**

B.  Doc. 31

Defendants Dwight L. Patterson and Laurie M. Patterson's ("Patterson Defendants" or "the Pattersons") Motion for Default Judgment on Counterclaim against Defendants Tratt, Baker and Shepard, filed October 2, 2019 (no response filed).

*Findings and Recommended Disposition:* Judge Yarbrough noted that a Clerk's Entry of Default was already granted as to Tratt by the undersigned as presiding judge. *See* Docs. 37 at 7 (granting request for entry of default) and 36 (Clerk's Entry of Default) and thus the Pattersons' request for default against Tratt was moot. Judge Yarbrough also recommended that the motion be denied without prejudice as to Plaintiffs Baker and Shepard because they had answered the counterclaims, although they were untimely.

---

[1] Before choosing the sanction of dismissal, the district court should consider the following factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). The *Ehrenhaus* factors are not rigid, but rather a criteria for consideration. *Id.*

4

The Court adopts these findings and recommendations in that the motion is moot with respect to Tratt, and untimeliness of the counterclaim answers on the part of Mr. Baker and Mr. Shepard ("Baker" and "Shepard") will be taken up later in the context of their failure to participate in this case and comply with Court orders.

C. Docs. 53 and 55:

Patterson Defendants' Motion for Order to Show Cause for Failure to Serve Initial Disclosures, Failure to File a Timely Answer to Counterclaim, and Neglect of this Case, filed November 21, 2019 (Doc. 53); and SGA Defendants' Motion for Joinder, filed November 25, 2019 (Doc. 55).

*Findings and Recommended Disposition:*

1. To grant motion for joinder (Doc. 55).

2. Not to issue an Order to Show Cause as to counter-defendants Baker and Shepard regarding (a) their failure to serve initial disclosures and (b) their failure to file a timely answer to the counterclaims. Judge Yarbrough recommended not to issue an Order to Show Cause because he had already issued an Order to Show Cause to Baker and Shepard on the topic of initial disclosures (Doc. 57 at 2-4) in connection with the Patterson Defendants' earlier Motion for an Order to Show Cause (Doc. 47); and that any untimeliness issues be addressed "in conjunction with Plaintiffs 'other failures to participate in this case." Doc. 76 at 14.

**The Court adopts these findings and recommendations in that (1) the SGA Defendants 'Motion for Joinder (Doc. 55) is granted and (2) the Patterson Defendants ' Motion for an Order to Show Cause Doc. 53 is denied without prejudice and any timeliness issues will be addressed in the context of sanctions against Plaintiffs Baker and Shepard for other failures to participate in this case and to comply with Court orders.**

5

## II. Matters Related to Order to Show Cause issued December 6, 2019 (Doc. 57)

Judge Yarbrough also made findings and recommended dispositions on several other matters related to the Order to Show Cause he issued on December 6, 2019 (Doc. 57), which was related to the Patterson Defendant's Motion to Preserve Materials Sent to Clerk and Court and For Order to Show Cause (Doc. 57). Judge Yarbrough held a show-cause hearing on Friday, January 31, 2020, addressing these issues which were included in his Order to Show Cause:

1) Whether Third-Party Defendant Xitech is in Default.
2) Untimeliness of initial disclosures by Plaintiffs Baker and Shepard; and
3) Plaintiffs' failure to appear at Court-scheduled conferences.

### A. Default Judgment as to Xitech Instruments, Inc. ("Xitech")

The Patterson Defendants had moved for an Order that Xitech instruments be deemed served since the Pattersons were still Xitech's registered agents. *See* Doc. 76 at 18.[2] Judge Yarbrough's Order to Show Cause stated that at the January 31, 2020 show-cause hearing, "relevant parties should be prepared to address whether Xitech's waiver of service would constitute grounds to support an entry of default judgment against it. Doc. 57 at 8.

*Findings and Recommended Disposition:* Following the January 31 show-cause hearing, Judge Yarbrough recommended that default be entered against Xitech and that the undersigned conduct a damages hearing at the conclusion of this case, based on these findings:

(1) that Xitech has been served;

(2) that Xitech has failed to obtain counsel on the deadline ordered by the undersigned;

(3) that Xitech has defaulted on the Amended Third-Party Complaint, and

(4) that per Baker and Shepard's representations at the hearing, Xitech has no intention of participating in this litigation by hiring counsel.

---

[2] The request was initially denied by the undersigned in lieu of setting another deadline for Xitech to retain counsel or face default. Doc. 51 at 2-3.

**The Court adopts these findings and recommendations.** Judge Yarbrough's findings which deemed Xitech as having been served were well-reasoned. They were based in part on the fact that Baker and Shepard (who happen to be the two current members of Xitech, a limited liability company) had actual notice of the Patterson's Third-Party; and on the fact that if any problems were associated with having an adversary in litigation listed as Xitech's registered agent, Xitech's "problems are of its own making." Doc. 76 at 19; Doc. 73 (Patterson Decl. regarding return receipt for service on Xitech on February 6, 2020).

Likewise, Judge Yarbrough's findings and recommendation on finding Xitech in default on the claims in the Amended Third-Party Complaint were sound. Xitech had been advised in November 2019 to obtain legal representation "or be subject to a potential entry of default if requested by a party." Doc. 51 at 3; *see* Doc. 57 at 8. Under Fed.R.Civ.P.15(a)(3) and Rule 6(d), the Answer to the Amended Third-Party Complaint was due on February 24, 2020, and Xitech is therefore in default with respect to those claims.

      B.      <u>Sanctions Regarding Baker and Shepard (Generally)</u>

In the Court's Order to Show Cause (Doc. 57), Judge Yarbrough considered whether sanctions should be imposed on Plaintiffs Baker and Shepard to address (1) the untimeliness of their initial disclosures and (2) their failure to appear at Court-scheduled conferences.

*Initial Disclosures:* were initially due in August 2019, 14 days after the "meet and confer" to take place no later than Friday, August 2, 2019. *See* Docs. 18 at 2; 76 at 4. The deadline for the "meet and confer" and the initial disclosures was extended to October 31, 2019, *see* Doc. 37, but neither Baker nor Shepard had filed them by December 6. *See* Doc. 76 at 9. At the January 31, 2020 show-cause hearing, Judge Yarbrough ordered the parties to "meet and confer" and submit a status report by February 7 on the status of the Plaintiffs' initial disclosures. Defendants

submitted a status report indicating that Baker served initial disclosures on February 7, 2020. Doc. 70 at 1-2. Baker did not submit a status report as ordered. Shepard did not serve any initial disclosures and has not served any to date. *Id*. at 2.

B. *Failures to Appear at Court-Scheduled Hearings:* On November 5, 2019, Judge Yarbrough held the first Rule 16 conference in this case telephonically and on the record. Shepard attended but Baker did not timely call in. A second Rule 16 scheduling conference was held on December 5, 2019. Neither Shepard nor Baker showed. For the January 31, 2020 show-cause hearing, Baker appeared but Shepard did not. The Court next addresses sanctions for these Plaintiffs separately.

C. Plaintiff Troy Baker

*Failure to Timely Serve Initial Disclosures:* As described above, Baker's initial disclosures were untimely by six months. They were initially due in August 2019 and the deadline was extended at least once. Doc. 21 (extending meet-and-confer deadline to September 4, 2019); Doc. 37 (extending meet-and-confer to October 17, 2019); Doc. 45 (extending deadline to November 12); Doc. 56 (Defendant's report noting that disclosures were not made as of December 5). At the January 31, 2020 show-cause hearing (one of the three Court-ordered conferences Baker attended), Baker explained that during the time his initial disclosures were due, his son was being operated on. Doc. 71 (1/31/20 hearing transcript) at 34. He also claimed that he had thought Shepard was handling the initial disclosures during this time and did not know they were never served. *Id.* Baker has had notice as far back as December 2019 that failure to disclose information required under Rule 26(a) could lead to "any number of 'appropriate sanctions'" under Rule 37(c)(1)(C) including "**dismissal of Plaintiffs 'complaint with prejudice.**" Doc. 57 at 4 (emphasis in original).

8

Because Baker eventually served initial disclosures on February 7, 2020, Judge Yarbrough quashed that portion of the show-cause Order addressing Plaintiffs' failures to serve them (Doc. 57 at 2-5), but recommended that the undersigned take up the question of whether Mr. Baker should be sanctioned for his untimeliness, "**including by entry of a default judgment.**" Doc. 76 at 16 (emphasis added).

*Failures to Attend Court-Scheduled Conferences.* Baker attended one of three Court-ordered scheduling conferences. For the November 5 telephonic conference, Baker explained that his 15-minute tardiness was the result of an emergency medical issue related to his son. However, he has ignored several requests from the Court to provide documentation that his children suffered medical issues preventing him from not timely calling in to two court hearings (one of which he did not attend at all or provide any explanation for his non-appearance) and from timely meeting his initial disclosure deadline:

- After the January 31 show-cause hearing (which Baker did attend), Judge Yarbrough ordered Baker to submit documents to the Court in camera that demonstrated his children's medical issues which prevented him from timely calling in to two court hearings and from timely meeting his initial disclosure deadline. Doc. 66. These documents were due by February 14, but Baker never responded to the Order.

- Also, contemporaneously with issuance of the PFRD on March 2, 2020, Judge Yarbrough issued yet another Order requiring Baker to (1) explain his failure to comply with the Court's order for documentation; (2) explain his failure to properly file the status report ordered at the January 31 show-cause hearing related to service of initial disclosure to explain his tardiness; and (3) show cause why he should not be sanctioned under *Ehrenhaus*. Doc. 75. Baker's response was due March 23 but Baker has not filed any response to date, nor has he requested additional time for filing a response.

*Failures to Comply with Court Orders:* In addition to ignoring the above-listed Court orders requiring him to explain and provide documentation for his non-appearances at Court-scheduled conferences, Baker has consistently flouted this Court's instructions regarding proper filing procedures, even after being advised of the consequences for non-compliance. *Id.* at 7-8

9

(describing plaintiffs' failure to correctly follow filing procedures). On November 29, 2019, Judge Yarbrough ordered Plaintiffs Baker and Shepard not to mail to the Court for filing "any further documents with CM-ECF headers." Doc. 50 at 1. These headers were cut and pasted from unrelated docket entries, had nothing to do with the pleading being filed and of course included incorrect filing dates since they did not belong to the pleadings being filed by Baker. Judge Yarbrough's Order advised both Plaintiffs that failure to follow that instruction "may result in the Clerk refusing to file Plaintiffs' mailings." Doc. 50 at 1. In addition, Baker was told by the undersigned that he may not file pleadings by emailing them to Judge Yarbrough's chambers and warned that failure to submit documents that comply "with all of the Court's federal and local rules . . . **may result in a Clerk's entry of default against . . . Plaintiffs on the Counterclaim, and may include other sanctions.**" Doc. 37 at 3 (emphasis added).

Mr. Baker has chosen to ignore these unequivocal warnings about following proper filing procedures. On February 17, 2020 he emailed a status report (which was due on Friday, February 7) to Judge Yarbrough's chambers. The emailed report was therefore not accepted as a filing. Doc. 75 at 2. The Clerk's office also received Baker's status report by mail on Friday, February 21, but that document includes an inaccurate CM/ECF header, which had obviously been cut and pasted from another e-filed document in the case. Also, in connection with these filing issues, Baker made misrepresentations to the Court about when his Counterclaim Answer was placed in the mail. Doc. 57 at 5-7  Judge Yarbrough found that the record contained insufficient evidence to find that Baker made a "deliberate misrepresentation," but recommended that the undersigned as presiding judge "consider the impact of what is, at a minimum, negligence on the part of Baker." Doc. 76 at 16.

*Findings and Recommended Disposition:* Judge Yarbrough issued several orders warning Baker of the consequences of continued non-compliance with Court orders, including the failure to timely serve initial disclosures and his non-appearances at scheduled Court hearings. These consequences clearly included dismissal with prejudice of his claims as well as default on the counterclaims asserted against him.

In issuing the March 2 "Order for Troy Baker to File Response," Judge Yarbrough allowed Baker one more opportunity to "explain his failure to comply with the Court's order for documentation [of his children's medical issues], explain his failure to properly file the status report ordered at the January 31, 2020 hearing, and show cause why he should not be sanctioned under *Ehrenhaus*. Baker's response was due by March 2, but Baker has filed no response to date.

**This Court's findings regarding Baker:**

Baker has been given numerous opportunities to explain his failures to comply with Court orders and his failure to participate in the litigation of the case he filed. In not responding to the Court's March 2 Order to explain his conduct, Baker has effectively declined this last chance allowing him to avoid harsh sanctions.

In the last Order to Show Cause, Baker was told that "**[f]ailure to comply with this Order *will* lead to a recommendation to the presiding judge that Baker's claims be dismissed with prejudice and default judgment be entered against him.**" Doc. 75 at 4 (emphasis in original). Based on a thorough review of the facts and circumstances documented in this case, and a consideration of the *Ehrenhaus* factors, the Court hereby ADOPTS Judge Yarbrough's recommendations as to Baker. His non-compliance and non-participation in this litigation has prejudiced Defendants in defending this case and in prosecuting their claims against Plaintiffs, and has interfered with the judicial process causing months of needless delay in the litigation of this

case. There are clearly no lesser sanctions that would be effective, by virtue of Mr. Baker's own refusal to offer explanations and documentation which might have persuaded the Court to impose lesser sanctions.

Moreover, with Baker's lack of response to both Orders to Show Cause for his failures—the last one being due by March 23, the Court finds that Baker's culpability must factor into the *Ehrenhaus* analysis as well. More severe sanctions are reserved for failures that are the result of willfulness, bad faith or some fault of the offending party, and more than an inability to comply. Mr. Baker is apparently not even inclined to explain his conduct in order to avoid the imposition of sanctions, and the Court is left with little choice than to find that Mr. Baker was able to comply with Court orders and carry out his responsibilities as a litigant, but simply chose not to—just as he has chosen not to explain himself or offer documentation of extenuating circumstances for his conduct. As Judge Yarbrough noted:

> If Baker is able to verify that his inadequate participation in this case has been due to an unfortunate sequence of emergent medical needs of his children, there would be less reason to dismiss his claims and enter default judgment against him. Requiring Mr. Baker to provide pre-existing medical records to the Court for in camera review is neither burdensome nor unduly invasive.

Doc. 75 at 4. With respect to Mr. Baker, the balance of the *Ehrenhaus* factors weighs in favor of adopting Judge Yarbrough's recommendation in the event Mr. Baker did not comply with the March 2 Order to Show Cause. Doc. 75 at 4. *See Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002) (outright dismissal with prejudice is an appropriate sanction when "aggravating factors outweigh[] the judicial system's strong predisposition to resolve cases on their merits"). **Therefore, the Court adopts the recommendation Mr. Baker's claims be dismissed with prejudice and default judgment be entered against him on the Third-Amended Complaint.**

  D. Plaintiff Matthew Shepard

Mr. Shepard appeared for the first scheduling conference on November 5, 2019, but did not show up for either the December 5 of January 31 hearings. Following Mr. Shepard's non-appearance on December 5, Judge Yarbrough issued an Order warning Mr. Shepard that failure to appear at the following hearing on January 31 may lead to a recommendation that the complaint be dismissed with prejudice:

> **Plaintiffs are therefore explicitly warned that failure to appear and show cause at the hearing may lead to a recommendation to the presiding judge that their Complaint be dismissed with prejudice.**

Doc. 57 at 7 (emphasis in original); Doc. 76 at 16.

When Shepard did not show for the January 31 show-cause hearing, Judge Yarbrough issued an Order "Permitting Matthew Shepard to File Response" so that Shepard could explain the reason for his non-appearance. It was due by February 14. Doc. 65. The facts indicate that Shepard knew about the January 31 hearing. There had been a short period of time during which the Court docket did not reflect Mr. Shepard's current address, but it had been corrected through the Clerk's Office by the time this Order was issued. Doc. 76 at 10. Also, Baker represented that Shepard knew about the hearing. Doc. 71 (Tr. of Hearing) at 4-6, 23, 42-43; Doc. 76 at 10.

By the time Judge Yarbrough issued his PFRD on March 2, Shepard had not responded to the Court's invitation to explain his non-appearances and his failure to participate in the case, Doc. 76 at 10, and still has not done so.

To date, Shepard has not served initial disclosures despite numerous extensions, as described above.

*Findings and Recommended Disposition:* Judge Yarbrough found:

- that Shepard's failure to appear at the show-cause hearing on January 31 as deliberate, based on the fact that Shepard has declined the Court's request to explain his non-appearances at hearings and has expressed no indication that he intends to participate in this lawsuit. According to Baker's representations at the January 31 hearing, stressors in

13

Shepard's life were preventing him from participating in either the January 31 hearing or any other aspect of the lawsuit—yet Shepard declined the opportunity to present his situation to the Court in order to avoid the harsh sanctions about which he was warned. Doc. 76 at 16-17;

- that Defendants have been prejudiced by Shepard's failure to appear at hearings or otherwise participate in this lawsuit, which has been pending since May of 2019, and no discovery has been conducted;

- that Shepard's apparent intention not to participate in this case has substantially interfered with the judicial process, preventing the Court from conducting a proper Rule 16 scheduling conference and entering a scheduling order;

- That Shepard is responsible for his failure to participate in this case and his violation of court orders, especially after his address was corrected and he has received court mailings;

- That no lesser sanctions are appropriate for a litigant who is not planning on participating in litigation.

Judge Yarbrough recommended: that Shepard's claims be dismissed and that default judgment be entered against him on the counterclaims he faces.

**On March 4, 2020, two days after Judge Yarbrough issued the PFRD, Shepard filed for Chapter 7 Bankruptcy. Doc. 77. Under 11 U.S.C. §362, this filing constitutes an automatic stay of all proceedings against Shepard under 11 U.S.C. §362.** However, while the Court may not proceed to adopt Judge Yarbrough's findings and recommended disposition against Shepard, this Order will make clear that were it not for the automatic stay, the Court would be adopting those findings and recommendation in that Shepard's claims would be dismissed with prejudice and that default judgment would be entered against him on the counterclaims he faces.[3]

## CONCLUSION

---

[3] The Court's proposed intentions may offer some guidance to the Trustee, who will eventually be stepping into Shepard's shoes as a party to this lawsuit. *See* In re MS55, Inc., 477 F.3d 1131, 1138 (10th Cir. 2007) (trustee steps into shoes of the debtor-in-possession with respect to all rights, responsibilities and liabilities).

Also, It is clear that 11 U.S.C. §362 affects this Court's authority to impose default judgment on Shepard for the counterclaims in the Third Amended Complaint (since Shepard would be a potential debtor), but it is not clear if the statute prevents the Court from dismissing Shepard's claims as a plaintiff. However, for the sake of judicial efficiency and in the interest of minimizing piecemeal litigation, the Court defers adopting the PFRD regarding Shepard as both plaintiff and defendant to counterclaims.

In sum, this Court has carefully considered Judge Yarbrough's proposed findings and recommendations on all matters addressed and concludes that they shall all be adopted, as described above and listed below, with the single exception of the findings and recommendation for Mr. Shepard who recently filed for bankruptcy under Chapter 7.

The Court finds and concludes that the relevant parties have received the due process to which they are entitled—and then some, and that the sanctions that are imposed satisfy the *Ehrenhaus* factors.

The Court agrees with and HEREBY ADOPTS Judge Yarbrough's findings on each of these parties and finds (except for Mr. Shepard, on which this Court's adoption of findings and recommendation must be deferred in light of his filing for bankruptcy under Chapter 7) that their actions were willful and intentional rather than the result of an inability to comply with Court orders or with their obligations as litigants. Here, even when given the chance to justify their non-compliance, they opted to completely ignore several opportunities to avoid the Court's sanctions. As just one example, the Court is still waiting for Mr. Baker to present documents *in camera* that demonstrate his children's medical issues which prevented him from timely calling in to two court hearings and from timely meeting his initial disclosure deadline.

All of the parties affected by this Order have been given considerable leeway by this Court based on their *pro se* status. They have had numerous extensions affording them ample time in which meet Court deadlines and in which comply with Court orders; and they have been warned repeatedly about the specific consequences of failing to take their litigation responsibilities seriously. Their failure to do so exhibits a lack of interest in pursuing the very case they initiated. Their conduct has prejudiced Defendants in being able to defend against Plaintiffs' claims or being able to prosecute their counterclaims and stymied the course of litigation and prevented the Court

from being able to efficiently manage this case. *See Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) (district courts have the inherent right to manage their own affairs so as to achieve the orderly and expeditious disposition of cases); *Braley v. Campbell et al.,* 832 F.2d 1504, 1509 (10th Cir. 1987).

**THEREFORE,**

**IT IS ORDERED** that Judge Yarbrough's findings and recommended disposition are ADOPTED in that:

- The Court GRANTS the SGA Defendants' Motion to Dismiss Plaintiff Tratt Industries, LLC, Action **(Doc. 29)** and that Tratt's claims in this lawsuit are therefore DISMISSED WITH PREJUDICE;

- This Court DENIES WITHOUT PREJUDICE the Patterson Defendant's Motion for Default Judgment on Counterclaim **(Doc. 31)** for reasons described in this Order;

- This Court GRANTS the SGA Defendants' Motion for Joinder **(Doc. 55)**;

- This Court DENIES IN PART and GRANTS IN PART the Patterson Defendants' Motion for an Order to Show Cause **(Doc. 53)** for reasons described in this Order;

- This Court hereby ENTERS DEFAULT JUDGMENT as to Xitech Instruments, Inc. on the claims in the Amended Third-Party Complaint; and

- This Court DISMISSES WITH PREJUDICE Troy Baker's claims and ENTERS DEFAULT JUDGMENT against Troy Baker on the counterclaims he faces.

What remains pending in this lawsuit is the issue of DAMAGES on the DEFAULT JUDGMENTS entered against Tratt Industries, LLC, Xitech Instruments and Troy Baker, which the Court will take up at a hearing to be set at a later time.

_____
CHIEF UNITED STATES DISTRICT JUDGE