**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

TRATT INDUSTRIES, LLC; TROY BAKER;
and MATTHEW SHEPARD,

        Plaintiffs/Counter-Defendants,

        v.                                    Civ. No. 19-498 WJ/SCY

DWIGHT L. PATTERSON and LAURIE M.
PATTERSON, Individually and as Trustees of the
PATTERSON REVOCABLE TRUST; SANTA FE
BUSINESS BROKERS, LLC, d/b/a SAM
GOLDENBERG & ASSOCIATES; SUNBELT
NEW MEXICO BUSINESS BROKERAGE, LLC;
and MICHAEL GREENE,

        Defendants/Counterclaimants,

DWIGHT L. PATTERSON and LAURIE M.
PATTERSON, Individually and as Trustees of the
PATTERSON REVOCABLE TRUST,

        Third-Party Plaintiffs,

        v.

XITECH INSTRUMENTS, INC.,

        Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR ENTRY OF JUDGMENT**
**AND DETERMINATION OF DAMAGES IN PART**
**and**
**ALLOWING SUPPLEMENTATION OF RECORD FOR FOURTEEN DAYS**

       THIS MATTER comes before the Court upon a Motion for Entry of Judgment and

Determination of Damages, filed by Counterclaimants and Third-Party Plaintiffs Dwight Patterson

and Laurie Patterson ("the Pattersons") on June 2, 2020 (**Doc. 81**). No response to the motion has

been filed. *See* Doc. 85 (Notice of Completion of Briefing).  Having reviewed the parties' briefing and the applicable law as well as the attached documentation, the Court finds that the Pattersons' motion and request for a judgment of damages is well-taken and supported by the record, with the exception of one of the counterclaims.

## BACKGROUND

This case began as a business dispute with Plaintiffs suing Defendants for breach of contract, negligent misrepresentations, fraud and other related state torts pertaining to their purchase of a company from Defendants.  According to the complaint, Third-Party Defendant Xitech Instruments, Inc. ("Xitech") is in the business of selling groundwater remediation systems which are designed to treat polluted groundwater. Its primary customers are environmental consultants who purchase the systems for resale to and use by their clients.

Plaintiff Tratt Industries, LLC ("Tratt") is a Wyoming limited liability company which is in the business of identifying and acquiring small manufacturing companies like Xitech, which operate in environmental and/or safety areas, in order to operate and profitably grow the companies. Tratt's managing members are Plaintiffs Troy Baker, a citizen of Nevada and Matthew Shepard, a citizen of Kansas. In March of 2018, Plaintiffs purchased Xitech from the Patterson Revocable Trust ("Trust") which owned the stock of Xitech Instruments, Inc. ("Xitech"). Defendants and Counter-claimants Dwight and Laurie Patterson are trustees of the Trust.

Defendant Santa Fe Business Brokers, LLC, d/b/a Sam Goldenberg & Associates is a New Mexico limited liability company. Defendant Sunbelt New Mexico Business Brokerage ("Sunbelt") is a New Mexico limited liability company that is the affiliate and sister company of Santa Fe Business Brokers, LLC (collectively, "SGA"). Defendant Michael Greene ("Greene") is

the managing member and owner of both affiliated companies that constitute SGA and is a citizen of New Mexico. SGA and Green acted as the agents for the Trust in the sale.

The complaint was filed on May 30, 2019 in federal court based on diversity jurisdiction. Doc. 1, ¶4. Plaintiffs bring several claims against Defendants that arise from their general allegations that the business Defendants sold them (Xitech) was not as strong as Defendants had represented. The Patterson Defendants, in turn, have filed counterclaims against Plaintiffs that arise from their general allegations that after Plaintiffs purchased Xitech and hired Mr. Patterson, Plaintiffs failed to fulfill promises they had made to the Pattersons. These same allegations serve as the basis for the Third-Party Complaint the Pattersons have filed against Mr. Patterson's former employer, Xitech.

The substantive litigation of this case veered off course after counsel for Plaintiffs Tratt, Baker and Shepard were granted leave to withdraw from the case.  Doc. 22.  At that time, the Court made it clear to Tratt that as a business entity, it was required to be represented by counsel to proceed with the litigation.  The Court also allowed the first of numerous extensions of time for Plaintiffs Baker and Shepard to obtain legal representation.  Since then, no counsel has entered an appearance for either Tratt, Baker or Shepard.

Much of the Court's focus in this case related to Plaintiffs' failure to comply with this Court's rules and procedures rather than the normal course of civil litigation, the history of which is described in detail in the Court's Order Affirming Magistrate Judge's Proposed Findings and Recommended Disposition on Pending Motions and Other Matters Except for Matters Related to Plaintiff Shepard Based on Chapter 7 Bankruptcy Filing (Doc. 79) ("Final Order").  In that Final Order, the Court considered the recommended findings and disposition of United States Magistrate Judge Steven C. Yarbrough concerning the imposition of sanctions that were dispositive of certain

3

claims and issues based on *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992).  The Court

adopted those findings:

> The Court finds and concludes that the relevant parties have received the due process to which they are entitled—and then some, and that the sanctions that are imposed satisfy the *Ehrenhaus* factors.
>
> The Court agrees with and HEREBY ADOPTS Judge Yarbrough's findings on each of these parties and finds (except for Mr. Shepard, on which this Court's adoption of findings and recommendation must be deferred in light of his filing for bankruptcy under Chapter 7) that their actions were willful and intentional rather than the result of an inability to comply with Court orders or with their obligations as litigants. Here, even when given the chance to justify their non-compliance, they opted to completely ignore several opportunities to avoid the Court's sanctions. As just one example, the Court is still waiting for Mr. Baker to present documents in camera that demonstrate his children's medical issues which prevented him from timely calling in to two court hearings and from timely meeting his initial disclosure deadline.
>
> All of the parties affected by this Order have been given considerable leeway by this Court based on their pro se status. They have had numerous extensions affording them ample time in which meet Court deadlines and in which comply with Court orders; and they have been warned repeatedly about the specific consequences of failing to take their litigation responsibilities seriously. Their failure to do so exhibits a lack of interest in pursuing the very case they initiated. Their conduct has prejudiced Defendants in being able to defend against Plaintiffs' claims or being able to prosecute their counterclaims and stymied the course of litigation and prevented the Court from being able to efficiently manage this case. *See Chambers v. NASCO, Inc*., 501 U.S. 32 (1991) (district courts have the inherent right to manage their own affairs so as to achieve the orderly and expeditious disposition of cases); *Braley v. Campbell et al*., 832 F.2d 1504, 1509 (10th Cir. 1987).

Doc. 79 at 14-15.  The practical outcome of the Final Order is as follows:

**Tratt Industries:** Tratt's claims were dismissed with prejudice; and default judgment was

entered against Tratt on the counterclaims asserted by the Pattersons in the Counterclaim for

Damages and Accounting. Doc. 79 at 6, 16; *see* Doc. 17 (Ans. & Counterclaim);

**Xitech Instruments:** Default judgment entered against Xitech on claims asserted in the Patterson's  Amended Third-Party Complaint. Doc. 79 at 6, 16; *see* Doc. 62 (Am. Third Party Complaint);

**Troy Baker:**  Baker's claims were dismissed with prejudice; and default judgment entered against him on the counterclaims asserted by the Pattersons in the Counterclaim for Damages and Accounting. Doc. 79 at 16; *see* Doc. 17 (Ans. & Counterclaim);

**Matthew Shepard:**  Judge Yarbrough recommended that Shepard's claims be dismissed and that default judgment be entered against him on the counterclaims he faces.  Doc 76 at 3, 20. At the time the Final Order was entered, Mr. Shepard filed for Chapter 7 Bankruptcy, resulting in an automatic stay of all proceedings against him under 11 U.S.C. §362. Doc. 79 at 14.  At the time, the Court noted that "were it not for the automatic stay, the Court would be adopting [Judge Yarbrough's] findings and recommendation . . . ." *Id.*

However, the Automatic Stay associated with Shepard's filing of bankruptcy has been lifted. On June 1, 2020, the Pattersons obtained an order from the Bankruptcy Court for the District of Kansas granting them relief from the Automatic Stay "for the limited purpose of obtaining an entry of judgment" against Mr. Shepard in the instant lawsuit. Doc. 81-1.  Based on that Order, the Court may now—and hereby does—adopt Judge Yarbrough's findings and recommendations regarding Plaintiff Shepard, dismissing all of his claims with prejudice and in addition, entering default judgment against him on the claims asserted by the Pattersons in their Counterclaim for Damages and Accounting.  *See* Doc. 17 (Ans. & Counterclaim).

## DISCUSSION

The sole issue remaining in this case is the issue of damages on the default judgments entered against Tratt Industries, LLC, Xitech Instruments, Troy Baker and Matthew Shepard.  Doc.

79 at 16.  The Court initially intended to hold a hearing on the issue of damages. Doc.  79 at 16.

However, a court may enter a default judgment for a damage award without a hearing if the amount

claimed is "one capable of mathematical calculation." *Applied Capital, Inc. v. Gibson*, 558

F.Supp.2d 1189, 1202 (D.N.M.2007) (Browning, J.)(quoting H.B. Hunt v. Inter–Globe Energy,

Inc., 770 F.2d 145, 148 (10th Cir.1985)).  After reviewing the material and supporting

documentation submitted by the Pattersons on which they base their damages calculations

(exclusive of attorney's fees), the Court now finds that a hearing is unnecessary and would only

invite further delay in the disposition of this case.  *See Marcus Food Co. v. DiPanfilo*, 671 F.3d

1159 (10th Cir. 2011) (court was not required to hold hearing on issue of damages, prior to entering

default judgment against agent for food company in breach of contract case, where food company

had claimed damages capable of mathematical calculation; company claimed damages of

$207,585 in its complaint, based on the parties' agreement and in support of claim, submitted

affidavit from its chief operating officer averring that $207,585 remained outstanding under the

terms of the parties' agreement, as well as a prelitigation letter from company to agent requesting

payment for outstanding itemized losses totaling $280,112) (citing Fed.Rules Civ.P 55).

Attorneys' fees, however, is another matter, and the Court will schedule a hearing upon the

Pattersons' application for fees and costs.  *See Hunt v. Inter–Globe Energy, Inc*., 770 F.2d 145,

148 (10th Cir.1985) (attorneys' fees may not be awarded without a hearing to determine the

amount) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir.1983); *Two Old Hippies, LLC v.

Catch the Bus, LLC*, 807 F. Supp. 2d 1059, 1077 (D.N.M. 2011) (accord).[1]

---

[1] The Pattersons plan to submit the application for award of attorney's fees and costs separately.  Doc. 81 at 4, n.1.
The Stock Purchase Agreement, Promissory Note, and Guaranty all provide that the Counterdefendants are liable for
reasonable attorney's fees and all court costs associated with this dispute. Stock Purchase Agreement at Article 12.3;
Promissory Note and Guaranty at 2.

The damages sought by Defendants on their claims against Xitech and counterclaims against Tratt, Baker and Shepard are based on several relevant documents: a Secured Promissory Note ("Promissory Note"); a Stock Purchase Agreement ("SGA"); and an Executive Employment Agreement ("Employment Agreement"):

> Count I – Breach of Promissory Note and Guaranty of Same (Tratt, Baker, and Shepard)
> Count II – Breach of Stock Purchase Agreement (against Tratt)
> Count III – Breach of Employment Agreement (against Xitech)
> Count IV – Violation of ( Statutory Requirements (against Xitech)
> Count V – Specific Performance of an Accounting (Tratt)
> Count VI – Payment of Credit Card Debt, or in the Alternative, Indemnification (Xitech)

Docs. 17 & 62.[2]

## I.     Judgment Against Counterdefendants (Tratt, Baker and Shepard)

In Count I, the Pattersons counterclaim that counterdefendants Tratt, Baker and Shepard breached the terms of the Promissory Note by failing to pay all amounts required when due. They also assert that Tratt breached the Stock Purchase Agreement by failing to provide financial statements for Xitech and by failing to provide this accounting (Counts II and V).

### A.     Promissory Note and Guaranty

The Secured Promissory Note was an agreement for payment of a principal sum of $125,000.00 plus interest to the Pattersons by Tratt Industries. The Note was signed by Matthew Shepard as "Managing Partner" and by Baker and Shepard as personal guarantors, jointly and severally.  Doc. 17-2.  As of May 22, 2020, the amounts due under the Promissory Note and Guarantee, excluding attorneys' fees and costs are as follows.

| | |
|---|---|
| Principal: | $89,383.52 |
| Interest: | $ 2,071.71 |
| Total: | $91,455.26 |

---

[2] The Pattersons' Amended Third-Party Complaint asserts an additional claim (Count VI) against Xitech.  The other counterclaims and third-party claims remain the same from the earlier Answer, Counterclaim and Third-Party Complaint (Doc. 17).

Doc.17-2 at 4-6 (Loan Amortization Schedule).  Interest continues to accrue at the rate of 6.00% per year ($14.69 per day) after May 22, 2020.  *See* Doc. 81-2 (Patterson Decl.), ¶2; *see also* Doc. 17-2 (Secured Promissory Note).

The Pattersons request an award of damages in the amount of $91,455.26 plus interest to be paid jointly and severally among Tratt, Shepard and Baker.

      B.     Stock Purchase Agreement

The Stock Purchase Agreement ("SPA") requires that Tratt provide financial statements for Xitech at year end.  Doc. 17-1 (SPA, Art. 1.2(E)(1).  Tratt has never provided these financial statements.  The SPA provides that if there is a "Change in Control" of Xitech during the Earnout Period (fiscal years 2018 – 2022) then the Pattersons are entitled to the Maximum Earnout Payment. A "Change in Control" includes "the sale, transfer, collateralization or other disposition of all or substantially all of [Tratt's] or [Xitech's] assets." Doc. 17-1, Art. 1.2(E)(2) and (3)(c). The Maximum Earnout Payment is $127,000.00.  Doc. 17-1, Art. 1.2(E)(2).  All assets of Xitech were removed by Xitech and the Counterdefendants (Baker and Shepard) prior to January 2020 and remain unaccounted for.  Doc. 81-2 (Patterson Decl.) at ¶4.

The Pattersons believe that all assets of Xitech have been sold, transferred, hidden or otherwise disposed of, based on Shepard's testimony at his Meeting of Creditors in his bankruptcy proceedings. Doc. 81-2 at ¶5.  They request damages on this claim in the amount of $127,000.00 plus interest.[3]

---

[3] The Pattersons appear to seek the damages associated with the SPA solely against Tratt.  *See* Doc. 81 at 5, ¶¶C, D.

**II.     Judgment Against Xitech**

The Pattersons assert three claims against Xitech: Breach of Employment Agreement; Violation of Statutory Requirements; and, Payment of Credit Card (Counts III, IV and VI, respectively).

      A.     <u>Breach of Employment Agreement</u>

The Employment Agreement ("Agreement") was executed between Mr. Patterson and Xitech's current owners, Mr. Baker and Mr. Shepard.  *See* Doc. 79 at 7.  The Agreement entitles Mr. Patterson (as "Executive" in the provision) to a base salary of not less than $75,000 annually, which amounts to $205.48 per day.  Patterson seeks a judgment for moneys owed for breach of this Agreement from March 13, 2019 through May 20, 2019, which is 68 days. This amount can be calculated to damages in the amount of $13,972.60.  Doc. 17-3, ¶1(c).

      B.     <u>Violation of Statutory Requirements Claim</u>

Patterson contends he is entitled to payment for unused sick and vacation days through May 20, 2019, pursuant to Section 50-4-4 NMSA 1978, which relates to the settlement and payment of wages or compensation to discharged employees. The Employment Agreement provides Mr. Patterson with five days per year of paid sick leave and two weeks (fourteen days) per year of vacation time.  As of May 20, 2019, Mr. Patterson had accrued 3.5 days of paid sick leave and 12 days of vacation time. The amount of unpaid sick leave and vacation time can be calculated under the Employee Agreement to an amount of $3,184.94. Doc. 83-1 (Patterson Decl. at ¶7); Doc. 17-3, ¶4 ("Employee Benefits").

      C.     <u>Payment of Credit Card Claim</u>

Mr. Patterson claims that at the time Xitech was purchased by Tratt Industries, there was a "small balance" on one business credit card, a chase/INK Visa credit card with last four digits of

8245.  Doc. 62 at (Am. Third-Party Compl. Against Xitech), ¶34. Under the terms of the SGA, these outstanding payables became Xitech's liability after the sale, but the card remains in Patterson's name despite repeated efforts to transfer it to Baker or Shepard or someone at Xitech. Patterson contends that Xitech is responsible for the debt amassed on the credit card and he seeks damages in the amount of the balance owed on the card against Xitech, which has defaulted.

In his Declaration attached to this motion, Patterson claims that he was informed by a representative of JP Morgan Chase Bank, N.A., that as of May 27, 2020, the unpaid balance on the Xitech credit card was $50,831.81 and that the card was closed effective April 25, 2020. Doc. 81-2, at ¶8. The amount of $50,831.81 which Patterson seeks in damages no longer seems like the "small balance" as alleged in the Third-Party Complaint, and the Court sees no evidentiary support for the balance of $50,831.81.

After entering a default judgment, as the Court has done against Xitech, the Court takes all of the well-pleaded facts in a complaint as true. *See United States v. Craighead*, 176 Fed.Appx. 922, 925 (10th Cir.2006).  However, the amount alleged as damages needs to be supported by evidence.  *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir.1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."); *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (where plaintiff sought money damages and return of race horse registration papers, nothing in the record supported damage amounts).

The Court is awarding damages without a hearing in this case because thus far, the Pattersons have submitted proof of damages that are either in the form of liquidated sums under agreements or contracts, or they are capable of mathematical calculation. *Venable,* 721 F.2d at 300 (court may enter default judgment without hearing "only if the amount claimed is a liquidated sum

10

or one capable of mathematical calculation"). With respect to the Payment of Credit Card claim in Count VI, Patterson claims that he was advised of the balance amount by a "representative of JP Morgan Chase Bank" but offers no proof of this communication which should have been easy enough to obtain and submit to the Court.

The Court will **defer inclusion** of the unpaid credit card balance in the judgment against Xitech for a period of **fourteen (14) days** following the entry of this Order to allow the Pattersons to supplement the record with this evidence. Failure to do so within that time period will result in this Order and the damage amounts determined in this Order to become final, after which the Court will enter a Rule 58 Judgment.

**THEREFORE,**

**IT IS ORDERED** that the Pattersons' Motion for Entry of Judgment and Determination of Damages **(Doc. 81)** is hereby GRANTED IN PART, with the Court granting the following relief:

A. That judgment be entered dismissing all of Mr. Shepard's claims against Defendants, including the Pattersons, with prejudice.

B. That judgment be entered against Mr. Shepard and in the Pattersons' favor on the claims against Mr. Shepard in the Counterclaim (Doc. 17).

C. That the judgment amount against Tratt be set as follows:

i. For $91,455.26 as of May 22, 2020, plus interest at the rate of 6.00% per annum ($14.69 per day) thereafter, owed jointly and severally with Mr. Baker and Mr. Shepard;

ii. For $127,000.00 as of the date of entry of judgment plus interest at the federal postjudgment rate thereafter; and

iii. For reasonable attorneys' fees and costs, which the Pattersons will request separately and for which the Court will hold a hearing to determine the amount.

D. That the judgment amount against Mr. Baker and Mr. Shepard, jointly and severally, be set as follows:[4]

i. For $91,455.26 as of May 22, 2020, plus interest at the rate of 6.00% per annum ($14.69 per day) thereafter owned jointly and severally with Tratt; and

ii. For reasonable attorneys' fees and costs.

E. That the judgment amount against Xitech be set as follows:

i. For $13,972.60 for breach of the Employment Agreement as of the date of entry of judgment plus interest at the federal post-judgment rate thereafter;

ii. For $3,184.94 for violation of statutory requirements plus interest at the federal post-judgment rate thereafter; and

iii. The Court will **DEFER** ruling on the Pattersons' request for the amount of $50,831.81 for Payment of Credit Card claim, for fourteen days following entry of this Order to allow submission of supporting evidence for this balance, as further described above;

F. For similar reasons, the Court will also **DEFER** ruling on the Pattersons' request for declaratory judgment declaring that Mr. Patterson has no liability for any charges incurred on the Xitech Chase/INK Visa credit card with the last four digits of 8245 and that Xitech indemnify the Pattersons for any damages incurred related to such credit card.

Finally, a Rule 58 Judgment will be entered following a period of fourteen days in order to allow the record to be supplemented.

---

[4] The Pattersons seek only entry of judgment with respect to Mr. Shepard and do not intend to take any collection actions absent additional relief from the Bankruptcy Court for the District of Kansas.

_____

CHIEF UNITED STATES DISTRICT JUDGE